**REVERSED and REMANDED and Opinion Filed May 11, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00398-CV

**SAGE IT, INC., Appellant**
**V.**
**SOFTWARE TECHNOLOGY, INC., Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-01529-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Smith

Appellant Sage IT, Inc. (Sage) sued appellee Software Technology, Inc. (STI)

for breach of contract. STI filed a motion for summary judgment in which it asserted

the affirmative defense that the New Jersey Employment Agency Act barred Sage's

claim. The trial court granted STI's summary judgment motion. In a single issue,

Sage argues the trial court erred by granting STI's summary judgment motion. We

conclude that under these facts, the Act does not apply to Sage; therefore, we reverse

the trial court's judgment and remand for further proceedings.

**Background**

Sage is a Wisconsin corporation with its principal place of business in Frisco, Texas. Sage provides various specialized IT-related services, including, in part, custom software application development. STI is a Pennsylvania company based in New Jersey.

Sage hired Rafi Shaik as a "data scientist" to work in its Frisco office. In late 2013, STI needed someone to work on a project in the Dallas area. STI contacted Sage and asked if it employed someone specialized in E-commerce application development, implementation, and customization. Sage advised STI that Shaik had such expertise and could work on the project.

STI provided Sage with a form agreement titled "Staffing Provider Agreement" (the contract) in which Sage agreed to provide "staffing services" to STI's client in exchange for a fee. The parties signed the contract on December 20, 2013. The contract classified the "relationship between the two parties [as] that of a staffing provider working as an independent contractor." Sage was solely responsible for the control, manner, and means of the work performed. The contract further provided New Jersey law governed without regard to conflicts of law rules.

After STI failed to pay for Shaik's services, Sage filed a breach of contract suit seeking approximately $192,128 in damages. STI answered and asserted the affirmative defense that the New Jersey Employment Agency Act (the Act) applied.

STI subsequently filed a traditional motion for summary judgment in which it argued that it established as a matter of law the applicability of the Act. It argued

Sage fell within the definition of a consulting firm, employment agency, or temporary staffing agency. The Act required such business entities to obtain a license or register in New Jersey. STI asserted Sage was statutorily barred from bringing its breach of contract claim because Sage failed to register or obtain a license.

Sage filed a response denying that it was an employment agency, a consulting firm, or a temporary staffing agency. Alternatively, it argued it was exempt from the Act, and the Act applied only to suits brought in New Jersey. Sage attached the declaration of Sagar Pelaprolu, the president of Sage, in which he explained the company structure, its employment of Shaik, and Shaik's educational and work background on various projects. It further attached a "statement of work" for STI that listed Shaik as a "consultant" providing "ATG Developer" services for "6 Months-Extensions."

STI filed a reply emphasizing the nature of the contract and asserting that Sage was attempting to "have it both ways" by conducting its business as an IT staffing business when it benefitted Sage, but denying it when faced with dismissal for not following the Act. As such, STI argued it was entitled to summary judgment as a matter of law. The trial court agreed and granted STI's motion for summary judgment. This appeal followed.

**Discussion**

We review a traditional motion for summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *See HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 352 (Tex. 2009); *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied). When we review a traditional summary judgment, we determine whether the defendant conclusively disproved an element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *see also* TEX. R. CIV. P. 166a(c). We take evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve every doubt in favor of the nonmovant. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

STI moved for summary judgment on the applicability of the Act, which it asserted as an affirmative defense. The parties agree New Jersey law applies per the contract. However, they each rely on two different subsections of New Jersey Revised Statute section 35:8-45 to support their arguments as to whether the Act applies.

Sage relies on section 35.8-45(b), which provides as follows:

> b. A person shall not bring or maintain an action in any court of *this State* for the collection of a fee, charge or commission for the performance of any of the activities regulated by this act without alleging and proving licensure or registration, as appropriate, at the time the alleged cause of action arose.

N.J. REV. STAT. § 35:8-45(b) (2013) (emphasis added). Because Sage filed suit in Texas, not in the courts of New Jersey where licensure or registration is required,

Sage argues the Act does not expressly bar its suit in Texas against STI. The parties concede they have not found any cases in which the Act has been applied to an out-of-state business entity under similar facts. Instead, case law cited by both sides involves disputes regarding the application of the Act to New Jersey-based entities or other entities conducting business within the state when the case was filed in New Jersey. Given the plain language of the statute, we agree with Sage that the Act does not apply under the facts of this case to a Texas business entity that brings suit in Texas.

In reaching our conclusion, we reject STI's reliance on section 35:8-45(a) that provides, "[t]he provisions of this act shall apply to any person engaging in any of the activities regulated by this act including persons whose residence or principal place of business is located outside of this State." N.J. REV. STAT. § 35:8-45(a) (2013). STI relies on case law interpreting the purpose of the Act "to regulate the conduct of all employment agencies providing services to New Jersey employees and employers" because it would "frustrate that purpose to construe the Act to require agencies physically located in the state to be subject to comprehensive regulation, while allowing out-of-state agencies to carry on business in the State completely unregulated." *Accountemps Div. of Robert Half, Inc. v. Birch Tree Grp., Ltd.*, 560 A.2d 663, 667 (N.J. Sup. Ct. 1989); *see also Data Informatics, Inc. v. AmeriSOURCE Partners*, 768 A.2d 210, 218 (N.J. Super. Ct. App. Div. 2001). Thus, STI contends the Act applies to out-of-state business entities engaging and

conducting in these types of business activities with New Jersey residents. STI's interpretation disregards and broadens the stated purpose of the Act. The *Accountemps*'s court acknowledged the purpose of the Act was to regulate and treat equally both in-state and out-of-state agencies carrying on business *in the State*, not that it applied to out-of-state agencies conducting business with New Jersey residents. Thus, STI's reliance on this subsection is misplaced. It is undisputed that STI reached out to Sage in Texas, Sage's principal place of business is in Frisco, Texas, Shaik lives in Texas, and Shaik performed all of his work for STI in Texas.

Finally, to the extent STI argues application of the common law regarding licensing statutes, STI did not raise this argument in the trial court; therefore, we shall not consider it on appeal. *See Nguyen v. Watts*, 605 S.W.3d 761, 787 (Tex. App.—Houston [1st Dist.] 2020, pet. filed) (noting summary judgments must stand or fall on grounds raised therein and court cannot consider grounds raised for the first time on appeal as basis for affirming or reversing trial court's judgment).

STI failed to conclusively prove as a matter of law its affirmative defense that section 35:8-45 of the Act applies to Sage and bars its suit. Thus, the trial court erred by granting STI's motion for summary judgment. Having reached this conclusion, we need not address whether Sage is a consulting firm, an employment agency, or a temporary staffing agency or whether a statutory exemption applies. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings.


/Craig Smith/
CRAIG SMITH
JUSTICE


200398F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

SAGE IT, INC., Appellant

No. 05-20-00398-CV     V.

SOFTWARE TECHNOLOGY, INC., Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas Trial Court Cause No. 429-01529-2019.
Opinion delivered by Justice Smith. Justices Molberg and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant SAGE IT, INC. recover its costs of this appeal from appellee SOFTWARE TECHNOLOGY, INC.

Judgment entered this 11th day of May 2021.